# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FRANK M. PECK, | Case No. 2:18-cv-00237-APG-VCF |
| Plaintiff, | **ORDER** |
| v. | |
| STATE OF NEVADA, *ex rel* et al., | |
| Defendants. | |

Frank M. Peck, a prisoner in the custody of the Nevada Department of Corrections ("NDOC"), has submitted an ex parte motion to reconsider (ECF No. 9) this Court's order (ECF No. 6) dismissing his motion for a temporary restraining order (ECF No. 4). Peck also requests that this Court seal his ex parte motion in order to protect a witness from retaliation. (ECF No. 9 at 1, 3). Peck has also submitted a motion to preserve evidence and a motion to proceed *in forma pauperis*. (ECF No. 1, 8). The matter of the filing fee shall be temporarily deferred.

**I.    MOTION TO RECONSIDER AND SEAL**

Peck has filed an ex parte motion to reconsider the dismissal of his temporary restraining order, and further requests that this Court file his motion under seal for the next 90 days in order to protect a witness from retaliation. (ECF No. 9 at 1).

    **A.    Reconsideration of Temporary Restraining Order**

In Peck's motion for a temporary restraining order, Peck claims that Defendants are continuing to retaliate against him, impeding his legal claims. (ECF No. 4 at 2-3). Peck is concerned that Defendants are conspiring to make false disciplinary charges

against him in order to get him sent to Ely State Prison ("ESP"), where Peck will not have access to a law library. (*Id.* at 4). Additionally, Peck is concerned that a transfer will decrease his safety. (*Id.*) Peck makes other claims about the general lack of safety in protective custody at HDSP due to gangs, inmate frustration at the new grievance system, lack of tier time, and lack of medical care. (*Id.* at 5-7).

Peck requests that Defendants be restrained from further retaliatory acts intended to increase Peck's disciplinary score and get him transferred to ESP. (*Id.* at 8).

In Peck's motion for reconsideration, he claims that his caseworker, non-party Mr. Fierro, told Peck that an unnamed person told Fierro to transfer Peck to ESP. (ECF No. 9 at 2). Fierro also told Peck that the person requesting the transfer said the request was because Peck is a "pain in the ass!" (*Id.*) Fierro said he refused to transfer Peck. (*Id.*) Fierro also told Peck that he is retiring in 90 days. (*Id.*)

Peck also makes claims about limited law library time and lack of access to a copy machine, as well as a claim that his 100,000+ legal papers were "scrambled" in a July 16, 2018 search that was conducted in a retaliatory fashion. (*Id.* at 3). The search, which violated AR-722, also caused Plaintiff to lose important legal documents relevant to current litigation, including his habeas case and this action, and also including his brother's will. (*Id.* at 3-4). Peck is now afraid to file any further grievances since Fierro confirmed that Defendants are intending to transfer Peck to ESP, where there is no direct access to a law library, and where he will therefore be impeded in his ability to litigate his claims. (*Id.* at 4).

Temporary restraining orders are governed by the same standard applicable to preliminary injunctions. *See Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc.*, 181 F.Supp. 2d 1111, 1126 (E.D. Cal. 2001). Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in

his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20).

Furthermore, a temporary restraining order "should be restricted to serving [its] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974).

The Court finds that, while Peck states a colorable claim based on the allegations in the complaint, the Court is still not convinced that Peck will suffer irreparable harm in the absence of an injunction. The instant case is currently on a 90-day stay while the parties mediate Peck's claims. In his motion for reconsideration, Peck states that Fierro will not transfer Peck to ESP, and Fierro is not retiring for 90 days. Peck may raise his claims while in mediation with Defendants, and if a satisfactory settlement is not reached, Peck may refile his motion for temporary restraining order with this Court, if he so chooses. Therefore, Peck's motion for temporary restraining order shall not be reopened and his motion for reconsideration is dismissed, without prejudice.

**B. Sealing**

Rule 26(c) authorizes the district court to issue *any* order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (quotation omitted). A party seeking to seal judicial records must show that compelling reasons supported by specific factual findings outweigh the general history of access and the public policies favoring disclosure." *F.T.C. v. Johnson*, No. 2:10-CV-02203-MMD, 2013 WL 2460359, at *2 (D. Nev. June 6, 2013) (*citing Pintos v. Pac. Creditors Ass'n,* 605 F.3d 665, 677–78 (9th Cir. 2010)). However, "'a different standard applies to "private materials unearthed during discovery,"' or documents that are not part of the judicial record. *Pintos*, 605 F.3d at 678. "[M]aterial attached to nondispositive motions may be entitled to protection upon the showing of good cause," which presents a lower burden than the compelling reasons standard. *Golden Boy Promotions, Inc. v.*

*Top Rank, Inc.*, No. 2:10-CV-01619-RLH, 2011 WL 686362, at *1 (D. Nev. Feb. 17, 2011) (*citing* Fed.R.Civ.P. 26(c)(1) and *Pintos,* 605 F.3d at 678). To demonstrate good cause to seal a document, "the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.,* 307 F.3d 1206, 1210–11 (9th Cir.2002)).

The Court finds that Peck fails to show that specific harm will come to Fierro if the motion and order are not sealed. Peck says he fears that Defendants will retaliate against Fierro before Fierro retires in 90 days. Peck does not say what form he fears the retaliation will take, nor that Fierro himself was afraid of retaliation, nor that Fierro was threatened by Defendants. Further, if Defendants do retaliate against Fierro prior to his pending retirement, Fierro may pursue a retaliation claim against them under federal and/or Nevada employment discrimination law. Therefore, Peck's motion for sealing is denied.

## II. MOTION TO PRESERVE EVIDENCE

Peck has filed a motion to preserve evidence. (ECF No. 8). In his motion, Peck claims that Defendant Sergeant Dugan searched Peck's cell on July 6, 2018, in violation of AR 422 and with the malicious intent to destroy Peck's ability to litigate this case, as well as other cases he has pending, by "scrambling" over 100,000 pages of Peck's legal documents. (*Id.* at 2-3). Peck requests that the Court issue an order to Defendants to preserve the video recording of unit 12-c-6 made on July 6, 2018 for this litigation. (*Id.* at 4).

Parties have a duty to preserve evidence relevant to pending litigation. *Kronisch v. United States*, 150 F.3d. 112, 126 (2d Cir. 1998)). "The duty to preserve evidence arises when the party has notice that the evidence is relevant to litigation, for example, 'when a party should have known that the evidence may be relevant to future litigation.'" *Stedeford v. Wal-Mart Stores, Inc.*, No. 2:14-CV-01429-JAD-PAL, 2016 WL 3462132, at *5 (D. Nev. June 24, 2016) *(citing Kronisch*, 150 F.3d. at 126). This duty includes the institution of a "litigation hold" on any document retention/destruction policies

in effect. *In re Napster, Inc. Copyright Litigation,* 462 F.Supp.2d 1060, 1070 (N.D. Cal. 2006).

Spoliation is the "destruction or significant alteration of evidence or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Micron Technology, Inc. v. Rambus, Inc.*, 645 F.3d 1311, 1320 (9th Cir. 2011). "This is an objective standard, asking not whether the party in fact reasonably foresaw litigation, but whether a reasonable party in the same factual circumstances would have reasonably foreseen litigation." *Id.* "Sanctions may be imposed against a litigant who is on notice that documents and information in its possession are relevant to litigation, or potential litigation, or are reasonably calculated to lead to the discovery of admissible evidence, and destroys such documents and information." *Wm. T. Thompson Co. v. Gen. Nutrition Corp.*, 593 F. Supp. 1443, 1455 (C.D. Cal. 1984).

At this stage in the litigation process, Peck is scheduled for mediation with Defendants, and the litigation is on a 90-day stay. (*See* ECF No. 6 at 25-26). Defendants have not yet been served Peck's complaint. Therefore, a motion to preserve evidence is premature. However, the Court interprets Peck's motion as notice to Defendants to preserve the relevant video evidence. Should the parties not settle Peck's claims and litigation ensue, Defendants are so notified through Peck's filing and this order.

**III. CONCLUSION**

For the foregoing reasons, it is ordered that a decision on the application to proceed *in forma pauperis* (ECF No. 1) is deferred.

It is further ordered that the Court interprets Peck's motion for preservation of evidence (ECF No. 8) as notice to Defendants to preserve the relevant video evidence. Defendants are so notified through Peck's filing and this order.

It is further ordered that Peck's motion for temporary restraining order (ECF No. 4) shall not be reopened and his motion for reconsideration (ECF No. 9) is dismissed, without prejudice.

It is further ordered that Peck's motion for sealing of his motion for reconsideration (ECF No. 9) and this order is denied.

Dated: August 13, 2018.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE