**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

**\*\*\***

FRANK PECK,

                    Plaintiff,

vs.

STATE OF NEVADA, *et al.*,

                  Defendants.

2:18-cv-00237-APG-VCF

**ORDER**

      Plaintiff Frank Peck filed a Motion Under 42 USCA § 12101-12213 Americans with Disabilities Act (ADA) on February 27, 2019. (ECF No. 50). The Court issued an Order denying the motion on March 25, 2019. (ECF No. 61). On March 26, 2019, Plaintiff filed a reply[1] to the response to his motion. (ECF No. 63).

      Plaintiff's reply does not change the Court's decision regarding his motion. Plaintiff asserts that he "should have been presented with a DOC-2668 Inmate Disability Accommodation Request Form and should have been *sua sponte* filled out by the Health Service Administrator." (*Id.* at 4). However, NDOC AR 658.06, which governs inmate's requests for accommodations, does not require any such action by the prison. Even assuming the prison should have previously provided Plaintiff with an Inmate Disability Accommodation Request Form, Plaintiff now has the opportunity to fill out the Form and go through the process described in AR 658.06. There is no basis for the Court to intervene if the administrative process has not been completed.

---

[1] Plaintiff states that he did not receive the response until March 20, 2019. (ECF No. 63 at 2).

Plaintiff makes several assertions in his reply regarding "scrambling" legal documents and a previous petition for habeas corpus. (*Id.* at 4, 7). These assertions are unrelated to his motion for ADA accommodation, and were not considered by the Court.

ACCORDINGLY, and for good cause shown, the Court re-states that Plaintiff's Motion Under 42 USCA § 12101-12213 Americans with Disabilities Act (ADA) (ECF No. 50) is denied.

## **NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist*., 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to LR IA 3-1, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party of the party's attorney. **Failure to comply with this Rule may result in dismissal of the action**.

DATED this 26th day of March, 2019.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE