# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\*\*\*

FRANK PECK,

        Plaintiff,

vs.

STATE OF NEVADA, *et al.*,

        Defendants.

2:18-cv-00237-APG-VCF

**ORDER**

FIRST AMENDED COMPLAINT [ECF NO. 40]

Before the Court is Plaintiff Frank Peck's First Amended Complaint. (ECF No. 40). For the reasons discussed below, Plaintiff may proceed in this action. The First Amended Complaint, as limited by this Order and the Court's previous screening Order (ECF No. 6), is the operative complaint.

## BACKGROUND

Plaintiff Frank Peck's original complaint was screened and filed on July 5, 2018. (ECF Nos. 6, 7). The complaint listed six counts against 17 Defendants. (ECF No. 7). The Court held that Plaintiff could proceed on the following claims:

1. All portions of Count I alleging denial of access to the courts due to the restrictions in AR 740, access to public records, refusal to copy evidence, training staff fraudulently defeating Peck's attempts at exhaustion of his claims, and reduction in law library time;

2. The portions of Count II alleging due process violations for disciplinary hearings based on false statements by the Defendants and alleging retaliation;

3. Count III alleging denial of access to the courts;

4. All portions of Count V alleging an equal protection violation and alleging an Eighth Amendment violation; and

5. Count VI alleging denial of the right of access to the courts.

(ECF No. 6 at 23-25). The Court dismissed the following Defendants and claims with prejudice:

1

1. Defendants State of Nevada ex rel., the Nevada Department of Corrections, the Board of Prison Commissioners, and Judge Wiese;

2. The portions of Count II alleging a due process violation regarding implementing level classifications pursuant to AR 516, prison transfers from 2009-2010, and Peck's listed grievances; and

3. Count IV.

(*Id.*).

Plaintiff filed a First Amended Complaint on January 31, 2019. (ECF No. 40). The First Amended Complaint copies the entirety of the original complaint. (*Compare* ECF No. 7 *with* ECF No. 40 at 1-6, 8-18, 23-25). The First Amended Complaint adds three Defendants: Correctional Officer Moca, Associate Warden Hubbard Pickett, and Correctional Officer Alvarez. (ECF No. 40 at 7). It also adds Counts VII-X for deliberate indifference to medical needs, equal protection, and due process. (*Id.* at 19-22). On March 22, 2019, the Court granted Defendants' motion to screen the complaint under 28 U.S.C. § 1915A. (ECF No. 60).

**ANALYSIS**

Under 28 U.S.C. § 1915A, the Court shall screen "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and dismiss any portion that "is frivolous, malicious, or fails to state a claim upon which relief may be granted; or…seeks monetary relief from a defendant who is immune from such relief." Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v.*

*United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

### I.     Portions Taken from the Original Complaint

The First Amended Complaint copies the entirety of the original complaint. (*Compare* ECF No. 7 *with* ECF No. 40 at 1-6, 8-18, 23-25). As stated above, the Court previously dismissed several portions of the original complaint. (ECF No. 6 at 23-25). The First Amended Complaint does not change the counts that have been dismissed or given any reason why previously dismissed Defendants should be kept in the case. The Court's previous screening Order remains in effect, and the counts and Defendants who have been dismissed with prejudice will not be added back into the case under the First Amended Complaint.

### II.    Count VII-Deliberate Indifference and/or Retaliation

Plaintiff alleges that Defendant Dwaine Wilson does not provide Plaintiff with his approved medical diet. (ECF No. 40 at 19). Instead, Plaintiff is provided with cheap and non-approved substitutes that have left Plaintiff's lipid levels "extremely high," or is not provided with any replacement meal. (*Id.*).

Construed liberally, Count VII states a colorable claim for deliberate indifference to medical needs under the Eighth Amendment. The Eighth Amendment requires that "prisoners receive food that is adequate to maintain health." *LeMaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir. 1993). Plaintiff alleges that the food provided to him is not adequate to maintain his health. Plaintiff also mentions he has filed grievances on this matter (ECF No. 40 at 19), which could support a retaliation claim. *See* Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2004). Therefore, Count VII will proceed.

3

### III. Count VIII-Equal Protection, Due Process, and/or Retaliation

Plaintiff alleges that Defendants "either creates, promulgated, [or] implemented operation of AR 516 Level System in closed custody protective segregation that is double punishment for disciplinary action." (ECF No. 40 at 20). Plaintiff asserts that his classification under AR 516 denies him the fundamental rights enjoyed by other inmates—adequate yard, tier, and gym access. (*Id.*). Plaintiff also alleges that the system uses excessive lockdowns with no warnings "as retaliation/discrimination specific to PC Level 3." (*Id.*).

Construed liberally, Count VII states a colorable equal protection, due process, or retaliation claim. When evaluating a claim based on segregation in prison, "a court must examine the substance of the alleged deprivation and determine whether it constitutes an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Hernandez v. Cox*, 989 F. Supp. 2d 1062, 1068-69 (D. Nev. 2013) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). "[E]xercise is one of the most basic human necessities protected by the Eighth Amendment." *Thomas v. Ponder*, 611 F.3d 1144, 1151-52 (9th Cir. 2010). Plaintiff has alleged that, based on his classification, the prison is depriving him of a necessity provided to other prisoners. Therefore, Count VIII will proceed.

### IV. Count IX-Due Process and Access to the Courts

Plaintiff alleges that Defendants Pickett, Russell, Tiernes, and Nash have fraudulently conspired to prevent grievances from being exhausted to frustrate civil litigation. (ECF No. 40 at 21). The allegation in Count IX are similar to those in Count I, where Plaintiff asserts that "staff are being trained to defeat exhaustion through fraud, collusion, and conspiracy" (*Id.* at 9), though Count IX is brought against one of the newly named Defendants—Pickett (*Id.* at 21). For the reasons discussed in the Court's previous screening Order regarding Count I (ECF No. 6 at 10), Plaintiff states a colorable claim for relief for denial of due process and access to the Courts, and Count IX will proceed.

## V. Count X-Deliberate Indifference and Equal Protection

Plaintiff alleges that Defendants Moca and Alvarez are involved in the non-functioning emergency call button issue discussed in Count V. (ECF No. 40 at 22). The Court previously found that Plaintiff stated colorable equal protection and deliberate indifference claims in Count V against certain named Defendants "and the Doe Defendants (should Peck learn their true identities)." (ECF No. 6 at 17-19). Rather than add Defendants Moca and Alvarez to Count V, Plaintiff has added Count X against Defendants Moca and Alvarez to cover the same basic allegations. For the reasons discussed in the Court's previous screening Order regarding Count V, Plaintiffs states colorable claims for deliberate indifference and equal protection, and Count X will proceed.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Plaintiff may proceed in this action with his First Amended Complaint. The Court's previous screening Order (ECF No. 6) remains in effect, and the following Defendants and claims remain dismissed with prejudice:

1. Defendants State of Nevada ex rel., the Nevada Department of Corrections, the Board of Prison Commissioners, and Judge Wiese;

2. The portions of Count II alleging a due process violation regarding implementing level classifications pursuant to AR 516, prison transfers from 2009-2010, and Peck's listed grievances; and

3. Count IV.

IT IS FURTHER ORDERED that the Clerk of the Court shall electronically serve a copy of this Order and a copy of Plaintiff's First Amended Complaint (ECF No. 40) on the Office of the Attorney General of the State of Nevada. This does not indicate acceptance of service.

IT IS FURTHER ORDERED that within 21 days of the date of entry of this order, the Attorney General's Office shall file a notice advising the Court and Plaintiff whether it accepts service on behalf of

the newly-named Defendants: Correctional Officer Moca, Associate Warden Hubbard Pickett, and Correctional Officer Alvarez. (*See* ECF No. 27 at 2-3 for specific instructions regarding the contents of the notice).

IT IS FURTHER ORDERED that Defendants have 90 days from the date of this Order to file and serve an answer or other response to the First Amended Complaint.

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to LR IA 3-1, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party of the party's attorney. Failure to comply with this Rule may result in dismissal of the action.

IT IS SO ORDERED.

DATED this 1st day of April, 2019.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE