# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| FRANK M. PECK, | Case No.: 2:18-cv-00237-APG-VCF |
| Plaintiff | **Order (1) Denying Motions for Restraining Order and Preliminary Injunction, and (2) Granting Motion to Supplement** |
| v. | |
| STATE OF NEVADA, et al., | [ECF Nos. 30, 31, 46] |
| Defendants | |

Plaintiff Frank Peck moves for a restraining order and preliminary injunction requiring the defendants to ensure prisoners in Unit 12 at High Desert State Prison receive equal yard, library, and tier time as prisoners in other similarly situated units. Peck contends Unit 12 is often placed on lockdown, which he contends is done in retaliation against the protective custody inmates and denies him equal protection.

To qualify for a preliminary injunction, a plaintiff must demonstrate: (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm, (3) the balance of hardships favors the plaintiff, and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Alternatively, under the sliding scale approach, the plaintiff must demonstrate (1) serious questions on the merits, (2) a likelihood of irreparable harm, (3) the balance of hardships tips sharply in the plaintiff's favor, and (4) an injunction is in the public interest. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

In the context of a civil action challenging prison conditions, injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). I must give "substantial weight to any adverse impact on public safety or the

operation of a criminal justice system caused by the preliminary relief and . . . respect the principles of comity set out" in § 3626(a)(1)(B). *Id.* A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quotation and emphasis omitted).

I deny Peck's motion. Peck has not shown a likelihood of success on the merits. The defendants have presented evidence that the January lockdown was ordered because of an inmate fight and ongoing security and safety concerns. ECF No. 37-1. Peck admits that this lockdown was caused by an inmate fight. ECF No. 30 at 3. He presents no evidence that the other lockdowns were retaliatory in nature or that the other lockdowns were not justified by similar legitimate safety or penological rationales.

IT IS THEREFORE ORDERED that plaintiff Frank Peck's motions for restraining order and preliminary injunction **(ECF Nos. 30, 31) are DENIED**.

IT IS FURTHER ORDERED that plaintiff Frank Peck's motion for leave to file a supplement **(ECF No. 46) is GRANTED** in that I have considered the arguments set forth in the parties' briefs related to this motion.

DATED this 25th day of June, 2019.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE