# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| FRANK M. PECK,<br><br>    Plaintiff<br><br>v.<br><br>STATE OF NEVADA, et al.,<br><br>    Defendants | Case No.: 2:18-cv-00237-APG-VCF<br><br>**Order Denying Motions for Restraining Order and Preliminary Injunction**<br><br>[ECF Nos. 44, 45] |

Plaintiff Frank Peck moves for a restraining order and preliminary injunction prohibiting the defendants from disposing of and rejecting legal mail. Peck contends that some of his mail was thrown out or returned to the sender even though he previously received mail from this same sender that was marked and addressed in the same way.

To qualify for a preliminary injunction, a plaintiff must demonstrate: (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm, (3) the balance of hardships favors the plaintiff, and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Alternatively, under the sliding scale approach, the plaintiff must demonstrate (1) serious questions on the merits, (2) a likelihood of irreparable harm, (3) the balance of hardships tips sharply in the plaintiff's favor, and (4) an injunction is in the public interest. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

In the context of a civil action challenging prison conditions, injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). I must give "substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and . . . respect the

principles of comity set out" in § 3626(a)(1)(B). *Id.* A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quotation and emphasis omitted).

I deny Peck's motion. Peck has not shown he is likely to suffer irreparable harm in the absence of injunctive relief. He has at best shown isolated instances of returned or lost mail.

IT IS THEREFORE ORDERED that plaintiff Frank Peck's motions for restraining order and preliminary injunction **(ECF Nos. 44, 45) are DENIED**.

DATED this 25th day of June, 2019.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE