# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| FRANK M. PECK,<br><br>　　Plaintiff<br><br>v.<br><br>STATE OF NEVADA, et al.,<br><br>　　Defendants | Case No.: 2:18-cv-00237-APG-VCF<br><br>**Order Denying Motions for Restraining Order, Preliminary Injunction, and for Decision**<br><br>[ECF Nos. 68, 69, 81] |

Plaintiff Frank Peck moves for a restraining order and preliminary injunction requiring defendant Dwaine Wilson to provide the approved low-fat, low-cholesterol diet without making "cheap" substitutes for some of the food items. Peck also request that I grant the motion as unopposed.

To qualify for a preliminary injunction, a plaintiff must demonstrate: (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm, (3) the balance of hardships favors the plaintiff, and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Alternatively, under the sliding scale approach, the plaintiff must demonstrate (1) serious questions on the merits, (2) a likelihood of irreparable harm, (3) the balance of hardships tips sharply in the plaintiff's favor, and (4) an injunction is in the public interest. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

In the context of a civil action challenging prison conditions, injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). I must give "substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and . . . respect the

principles of comity set out" in § 3626(a)(1)(B). *Id.* A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quotation and emphasis omitted).

I deny Peck's motions. I granted the defendants an extension of time to respond to Peck's motions for injunctive relief, so I deny his request that I grant his motions for injunctive relief as unopposed. *See* ECF No. 79. Peck has not shown a likelihood of success on the merits or that he is likely to suffer irreparable harm in the absence of injunctive relief. The diet has been approved by a licensed dietician and there is no evidence that the diet poses a health risk. ECF No. 84-4. Peck's unsubstantiated lay opinion that the food he is being served is "nutritionally inadequate and harmful" to health does not suffice to support injunctive relief.

IT IS THEREFORE ORDERED that plaintiff Frank Peck's motions for restraining order and preliminary injunction **(ECF Nos. 68, 69) are DENIED**.

IT IS FURTHER ORDERED that plaintiff Frank Peck's motion for decision **(ECF No. 81) is DENIED**.

DATED this 25th day of June, 2019.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE