# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| FRANK PECK, <br><br> Plaintiff, <br><br> vs. <br><br> STATE OF NEVADA, *et al.*, <br><br> Defendants. | 2:18-cv-00237-APG-VCF <br><br> **ORDER** <br><br> MOTION TO PRESERVE EVIDENCE [ECF NO. 64], RULE 60(B)(6) MOTION [ECF NO. 87], MOTION FOR SANCTIONS [ECF NO. 95] |

Before the Court is Plaintiff Frank Peck's Motion to Preserve Video Evidence of March 19th, 2019 11:30 AM, Legal Mailings and Subsequent Retaliatory Disarrangement of Mr. Peck's Files (ECF No. 64), Rule 60(b)(6) Motion (ECF No. 87), and Objection and Request for Sanctions to Defendants' Notice Regarding Motion to Preserve Video Evidence (ECF No. 95). For the reasons discussed below, the motion to preserve evidence is granted in part, the Rule 60(b)(6) motion is denied, and the request for sanctions is denied.

## MOTION TO PRESERVE EVIDENCE AND REQUEST FOR SANCTIONS

On March 27, 2019, Plaintiff filed a motion to preserve video evidence from High Desert State Prison, where he is incarcerated. (ECF No. 64). Plaintiff alleges that on March 19, 2019 "at approximately 11:48 am," Ms. Ennis took unsealed envelopes containing legal mail from Plaintiff's cell. (*Id.* at 3). At approximately noon, Plaintiff left his cell. (*Id.*). When he returned, he found that his cell had been searched. (*Id.*). "[T]his particular search was obviously directed at Mr. Peck's legal files, and unduly disrespectful and damaging to the organization" of Mr. Peck's documents. (*Id.*). Plaintiff asserts the search in retaliation for the open legal materials that Ms. Ennis had apparently read. (*Id.*). Plaintiff

1

requested that Defendants "preserve the video evidence of March 19, 2019 on or around 11:45-12:00 Unit 12, C-Wing, Cell 6." (*Id.* at 4).

The Court held a hearing regarding the motion to preserve evidence on May 7, 2019. (ECF No. 83). The Court ordered Defendant's counsel "to file a statement, regarding the camera/video, as it pertains to motion to preserve video evidence" and took the motion under submission. (*Id.*). On May 21, 2019, Defendants filed their statement. (ECF No. 89). Defendants stated that, "Associate Warden Monique Hubbard-Pickett successfully identified and preserved video footage believed to be described in Plaintiff's Motion to Preserve Video Evidence (ECF No. 64). The preserved video footage was taken by High Desert State Prison Housing Unit 12C camera 1227/12CC2 on March 19, 2019, from 12:17 p.m. to 1:02 p.m." (*Id.* at 2).

On May 29, 2019, Plaintiff filed an objection to the statement and a request for sanctions. (ECF Nos. 94, 95). Plaintiff argues Defendants failed to locate and preserve footage from 11:30 to noon, when Ms. Ennis took Plaintiff's open legal mail, and from additional "breezeway cameras." (ECF No. 95 at 2). Plaintiff asks the Court monetarily sanction Defendants for intentionally concealing this other video evidence. (*Id.* at 2-3). In response, Defendants argue Plaintiff

> did not specifically identify additional footage related to the encounter with Caseworker Ennis for preservation and provided almost no information about which camera captured the footage he believed to be at issue.1 See id. Therefore, Defendants reasonably interpreted Plaintiff's request to be limited to footage related to the cell search, and the information provided in the Notice Regarding Motion to Preserve Video Evidence represents a good faith effort by Defendants to comply with Plaintiff's request and preserve relevant video footage.

(ECF No. 99 at 4). "Defendants are increasingly concerned that Plaintiff is using his video preservation requests to harass Defendants or that the requests are further contributing to the already high costs of litigating this matter." (*Id.*).

2

The Court finds that Plaintiff's original motion clearly referenced preserving video evidence starting around 11:45 AM, which would cover the time period when Ms. Ennis took Plaintiff's open legal mail. (ECF No. 64 at 3-4). Therefore, Defendants will file a statement with a Court regarding the preservation of video evidence, from any relevant camera angles, covering this incident.

However, the Court will not sanction Defendants. As discussed further below, Plaintiff's conduct in this case has made the proceedings unnecessarily complicated and contentious. In addition, this Order does not give Plaintiff another opportunity to object to Defendants' preservation of video evidence. Objections are filed in response to orders and reports and recommendations by the Court, not in response to another party's filings.

## RULE 60(B)(6) MOTION

On March 25 and 26, 2019, the Court issued two Orders denying Plaintiff's Motion Under 42 USCA § 12101-12213 Americans with Disabilities Act (ADA). (ECF Nos. 62, 63). Plaintiff's motion originally asked for assistance with word processing at High Desert State Prison, specifically stating that "[a]ll that is missing is a thumb drive." (ECF No. 50 at 3, 5). The Court held that Plaintiff failed "to provide an adequate basis for the Court to order High Desert State Prison to provide Plaintiff with a thumb drive." (ECF No. 62 at 1). The Court noted Plaintiff had "failed to use an administrative procedure to address his alleged disability" (*Id.* at 2) and stated that, "[t]here is no basis for the Court to intervene if the administrative process has not been completed." (ECF No. 63 at 1).

On May 13, 2019, Plaintiff filed a Rule 60(b)(6) Motion. (ECF No. 87).[1] Plaintiff argues that a grievance from three years ago was recently denied, providing grounds for the Court to reconsider its Order. (*Id.* at 2). In October 2016, Plaintiff requested "some form of word processing…to alleviate

---

[1] Plaintiff also filed an objection to the Order (ECF No. 66), which was overruled (ECF No. 90).

3

painful handwriting under the ADA. (*Id.* at 9-10). The grievance was denied in October 2016 because "[a] Typewriter is available in the Law Library." (*Id.* at 8). Plaintiff requested a review of his grievance that same month, asserting that the typewriter "is junk" and "does not work." (*Id.* at 7). In May 2019, the grievance was again denied. (*Id.*). The Nevada Department of Corrections stated that "[t]he Law Library does not have an actual typewriter…Warden Neven removed that privilege due to the inmates compromising the typewriter parts." (*Id.* at 6).

In response to Plaintiff's motion for reconsideration, Defendants argue "nothing about the [grievance] response undermines this Court's findings that Plaintiff failed to 'support his assertion regarding his injury or pain with any evidence,' 'failed to address why the [prison's] proffered accommodation is inadequate,' and 'failed to use an administrative procedure to address his alleged disability.'" (ECF No. 91 at 4). In his reply, Plaintiff asserts his rejected grievance goes against the Court's finding that he failed to exhaust his administrative remedies. (ECF No. 97 at 2).

Under LR 59-1(a), "[t]he court possesses the inherent power to reconsider an interlocutory order for cause, so long as the court retains jurisdiction. Reconsideration also may be appropriate if…there is newly discovered evidence that was not available when the original motion or response was filed." "Motions for reconsideration are disfavored." LR 59-1(b).

There Courts finds Plaintiff has failed to provide new evidence that would justify the Court reconsidering its Orders denying Plaintiff's Motion Under 42 USCA § 12101-12213 Americans with Disabilities Act (ADA). (ECF Nos. 62, 63). The Court was already aware that the law library removed its typewriter. (ECF No. 50 at 3). The Court's reference to Plaintiff "fail[ing] to use an administrative procedure to address his alleged disability" (ECF No. 62 at 2) did not relate to the grievance procedure. It was in reference to AR 685:

4

> Pursuant to AR 685, an inmate seeking an accommodation must submit a DOC 2668 Inmate Disability Accommodation Request Form to the Health Service Administrator to initiate review of his or her request. … This review includes an evaluation as to whether the inmate is disabled and whether the inmate is able to perform the activities at issue.

(ECF No. 57 at 5). Based on the briefing before the Court, Plaintiff has not availed himself of AR 685. Therefore, the Court denies Plaintiff's motion for reconsideration. (ECF No. 87). However, as discussed further below, the Court is not inviting Plaintiff to file a further motion for reconsideration or objection now providing evidence on this point.

## PLAINTIFF'S CONDUCT IN THIS CASE

Plaintiff's Rule 60(b)(6) Motion highlights a troubling pattern beginning to emerge in this case. Plaintiff is treating the parties' filings and Court's Orders as a never-ending dialogue. In response to the Court denying his motion under the ADA, Plaintiff raised a point that should have been addressed in his original motion. (ECF No. 87). Though the denial of the particular grievance mentioned in Plaintiff's 60(b)(6) motion took place recently, the grievance had been pending for three years. This pending grievance was not mentioned in Plaintiff's original motion. Plaintiff cannot use objections or motions for reconsideration to raise points that should have been addressed in his original filings.

In addition, Plaintiff cannot use his Court filings to engage in conversation with Defendants. As one example, Plaintiff stated in a recent reply that he "hereby notices [Defendants] without further briefing, that the May 25th, 2019 video from 1 PM to 3 PM be preserved." (ECF No. 101 at 3). This is not the appropriate use of a court filing. Filings involve the Court and prevent the parties from working issues out together, which is usually a more efficient path. Plaintiff's refusal to engage with Defendants outside of Court filings wastes the Court's and parties' resources.

A district court may declare a litigant vexatious when considering factors such as the litigant's history of litigation, motive, and whether the litigant has caused needless expense to other parties or burden

to the courts. *Ringgold-Lockhart v. Cty. Of Los Angeles*, 761 F.3d 1057, 1061-62 (9th Cir. 2014). A district court has the "inherent power to enter pre-filing orders against vexatious litigants" to prevent abuse of the judicial process. *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) (citing 28 U.S.C. § 165l(a)). Under the All Writs Act, 28 U.S.C. § 1651(a), a federal district court may enjoin a vexatious litigant to obtain leave of the court before filing any future lawsuits. *Ringgold-Lockhart,* 761 F.3d at 1061. The Court is not recommending a vexatious designation at this time, but may do so in the future if Plaintiff's behavior patterns continue.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Plaintiff's Motion to Preserve Video Evidence of March 19th, 2019 11:30 AM, Legal Mailings and Subsequent Retaliatory Disarrangement of Mr. Peck's Files (ECF No. 64) is GRANTED IN PART. Defendants must file a statement no later than July 30, 2019 regarding the camera/video, as it pertains to Ms. Ennis taking Plaintiff's open legal mail.

IT IS FURTHER ORDERED that Plaintiff's Rule 60(b)(6) Motion (ECF No. 87) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Objection and Request for Sanctions to Defendants' Notice Regarding Motion to Preserve Video Evidence (ECF No. 95) is DENIED.

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.

*Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to LR IA 3-1, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party of the party's attorney. Failure to comply with this Rule may result in dismissal of the action.

IT IS SO ORDERED.

DATED this 15th day of July, 2019.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE