**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| FRANK PECK,<br><br>　　　　　　Plaintiff,<br>vs.<br><br>STATE OF NEVADA, *et al.*,<br><br>　　　　　　Defendants. | Case No. 2:18-cv-00237-APG-VCF<br><br>**Order**<br><br>MOTION FOR A SCREENING ORDER OF THE SECOND AMENDED COMPLAINT (ECF No. 140) |

Before the Court is defendants' motion for a screening order of plaintiff's second amended complaint. (ECF No. 140). The Court denies the motion.

**I.　Background**

Plaintiff is incarcerated. The Court screened his initial civil rights complaint. (ECF No. 6). None of the defendants filed a responsive pleading to the initial complaint. On January 31, 2019, plaintiff filed his first amended complaint. (ECF No. 40). The defendants filed a motion asking the Court to screen plaintiff's first amended complaint (ECF No. 51) and the Court granted that motion (ECF No. 60). The Court screened the first amended complaint and permitted plaintiff to proceed on 20 claims. (ECF No. 65). On May 13, 2020, the Court granted defendants' motion to dismiss and gave plaintiff leave to amend. (ECF No. 130). Plaintiff has now filed his second amended complaint (ECF No. 139) and none of the defendants' have filed a responsive pleading, choosing instead to file this motion to screen the second amended complaint. (ECF No. 140). Defendants argue in their motion to screen the second amended complaint that the Court must screen all complaints filed by prisoners. (*Id*. at 140 at 5).

**II.　Discussion**

The Prison Litigation Reform Act, "mandates *early* judicial screening of prisoner complaints and

requires prisoners to exhaust prison grievance procedures before filing suit. *Jones v. Bock*, 549 U.S. 199, 202, 127 S. Ct. 910, 914 (2007) (emphasis added), citing to 28 U.S.C. § 1915A.

Per 28 USCS § 1915A(a):

> Screening.— The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

"The statute could not be clearer as to the timing of the mandatory screening. A court must screen 'before docketing, if feasible or, in any event, as soon as practicable after docketing.'" See *Caballero v. Aranas*, No. 3:19-cv-00079-MMD-CLB, 2020 U.S. Dist. LEXIS 113850, at 5 (D. Nev. June 29, 2020), citing to 28 USCS § 1915A(a). "In cases where the court dismisses the initial complaint with leave to amend, the court would then screen the proposed amended complaint to determine what claims may proceed and whether a defendant is compelled to respond. This practice falls within the PLRA's mandate for "early judicial screening.'" *Id*, citing to *Jones*, 549 U.S. at 223.

"The screening provision does not require a court, either explicitly or implicitly, to screen every time a plaintiff seeks to amend the complaint." *Caballero*, 2020 U.S. Dist. LEXIS 113850, at 6, see also *Nordstrom v. Ryan*, 762 F.3d 903, 906, 907 & n.1 (9th Cir. 2014) (characterizing screening under § 1915A as the "pre-answer screening stage"). The Court may screen a prisoner's later filed amended complaint on a "case-by-case basis." *Caballero,* 2020 U.S. Dist. LEXIS 113850, at 6, citing to *Mwanza v. Foster,* No. 3:14-cv-00331-MMD-WGC, 2015 U.S. Dist. LEXIS 118523, at 25 (D. Nev. Sep. 1, 2015)(Denying a motion for screening and "noting that Congress' intent in adopting the screening provisions of the PLRA was to 'conserve judicial resources by authorizing district courts to dismiss non-meritorious prisoner complaints at an early stage."); see also *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000)(The PLRA, "allows a district court to dismiss, sua sponte and prior to service of process, a

complaint that fails to state a claim, a power courts did not have prior to enactment of the PLRA.")

Defendants cite to *Espinosa v. Stogner*, 3:16-cv-00141-RCJ-WGC, 2017 WL 6033412 (D. Nev. Dec. 4, 2017) for the proposition that the Court must screen this new complaint. The *Espinosa* court held that the Court must screen an amended complaint after the court required the plaintiff to amend due to a deficiency noted during screening of the original complaint. *Id*. That case is distinguishable because the instant case is well past the PLRA's early screening requirements. The plaintiff filed his original complaint almost two years ago. Last year this Court granted defendants' prior motion to screen plaintiff's first amended complaint (ECF No. 51), but plaintiff filed his first amended complaint (1) before any of the defendants responded and (2) the first amended complaint related back to the screening order of the original complaint. Defendants have also not made any showing that plaintiff's second amended complaint is one where the Court should screen it "on a case-by-case basis." See e.g. *Caballero*, 2020 U.S. Dist. LEXIS 113850 at 6. Although the Court denies the defendants' motion to screen, the Court *sua sponte* grants defendants an extension of time to file a responsive pleading to plaintiff's second amended complaint.

ACCORDINGLY,

IT IS ORDERED defendants' motion for a screening order of plaintiff's second amended complaint (ECF No. 140) is DENIED.

IT IS FURTHER ORDERED that defendants have until Monday, October 5, 2020 to file a responsive pleading to plaintiff's second amended complaint.

IT IS SO ORDERED.

DATED this 14th day of September 2020.

CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE