# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| FRANK PECK,<br><br>    Plaintiff,<br><br>vs.<br><br>STATE OF NEVADA, ex rel. Nevada Department of Correction, et al.; PRISON COMMISSIONERS; GOVERNOR BRIAN SANDOVAL; SECRETARY OF STATE BARBARA CEGAVSKI; ATTORNEY GENERAL ADAM LAXALT; DIRECTOR OF PRISONS JAMES DZURENDA; WARDEN BRIAN WILLIAMS, HDSP; ASSOCIATE WARDEN JENNIFER NASH; ASSOCIATE WARDEN PERRY RUSSELL; ACTING ASSOCIATE WARDEN T. TIERNES; CASE WORKER ENNIS WRIGHT and LAWLIBRARY SUPERVISOR JAQUES GRAHAM; FOOD SUPERVISOR MANAGER DWAINE WILSON; ATTORNEY GENERAL FRANK A. TODDRE, II, DISTRICT COURT JUDGE JERRY A WIESE; SGT. ALEXIS LOZANO; SGT. JULIE MATOUSEC; SGT. DUGAN; OFFICER JOEL QUEROZ, sued in the Individual and Official capacities,<br><br>    Defendants. | 2:18-cv-00237-APG-VCF<br><br>**ORDER** |

  Before the Court is Plaintiff's Motion for Law Library Access or in the Alternative Motion For Appointment of Counsel (ECF No. 166). Plaintiff's motion seeks two requests (1) appointment of counsel and (2) law library access.

  A litigant in a civil rights action does not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 13253 (9th Cir. 1981).

The court may appoint counsel under 28 U.S.C. § 1915 only under exceptional circumstances. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved. Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.* (citations and internal quotation marks omitted). The court has reviewed the complaint and filings in this case. Here, the Court does not find exceptional circumstances that warrant the appointment of counsel.

Under LR IC 2-2(b), [f]or each type of relief requested or purpose of the document, a separate document must be filed. Plaintiff's motion for law library access is filed as part of his motion for appointment of counsel. Plaintiff's motion for law library access is denied without prejudice. Plaintiff may refile his motion for law library access as a separate motion, in which the only relief requested is an injunction.

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Motion For Appointment of Counsel (ECF No. 166) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Law Library Access (ECF No. 166) is DENIED without prejudice.

DATED this 13th day of April, 2021.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE