1
2
3
4
5

**UNITED STATES DISTRICT COURT**

6

**DISTRICT OF NEVADA**

7

**\*\*\***

8

FRANK M. PECK,

Plaintiff,

Case No. 2:18-cv-00237-APG-VCF

9

vs.

10

STATE OF NEVADA, *et al*,

**REPORT AND RECOMMENDATION**

11

Defendants.

**-And-**

12

,

**ORDER**

13
14
15
16
17

MOTION TO DISMISS SECOND AMENDED
COMPLAINT OR IN THE ALTERNATIVE,
MOTION FOR SUMMARY JUDGMENT [ECF
NO. 142]; MOTION FOR MEANINGFUL LAW
LIBRARY ACCESS [ECF NO. 176]; MOTION
REQUEST FOR SUBMISSION OF
UNOPPOSED MOTION [ECF NO. 178]

18
19
20
21
22
23
24
25

Defendants filed a motion to dismiss pro se plaintiff Frank M. Peck's second amended complaint, or in the alternative, motion for summary judgment. ECF No. 142. Pro se plaintiff Peck filed a motion for meaningful law library access and a motion requesting to submit motion. ECF Nos. 176 and 178. I recommend that the defendants' motion be granted. ECF No. 142. I also recommend that Peck's motion for more meaningful law library access, which I interpret as a motion for a preliminary injunction, be denied. ECF No. 176. I also sua sponte recommend that plaintiff should be deemed a vexatious litigant. I also deny plaintiff's motion to submit a motion as moot. ECF No. 178.

### I.      Background

Plaintiff filed his complaint on February 8, 2018. ECF No. 1-1. Judge Gordon screened the complaint and permitted plaintiff to proceed on 11 claims. ECF No. 6 at 23-25. On January 31, 2019, plaintiff filed a first amended complaint: Judge Gordon screened that complaint and allowed plaintiff to proceed on 20 claims. See ECF Nos. 6 and 65. The defendants filed a motion to dismiss, and Judge Gordon granted that motion. ECF No. 130. Judge Gordon dismissed multiple claims with prejudice. *Id.* at 22. Judge Gordon also granted plaintiff leave to amend his first amended complaint, "**with respect to the claims that have been dismissed without prejudice.**" *Id.* (emphasis in original). Judge Gordon also noted that plaintiff, "should file a second amended complaint only if he has additional facts to support his claims." *Id.* at 22-23. Judge Gordon's order also stated that Peck, "may not use this as an opportunity to bring new claims or merely repeat the allegations already presented." *Id.* at 23.

On May 15, 2020, plaintiff filed a motion for reconsideration regarding his alleged "conspiracy claims." ECF No. 131. On July 22, 2020, Judge Gordon denied the motion, finding plaintiff had not "identified any allegations in the complaint that sufficiently allege a conspiracy claim that [Judge Gordon] did not previously address in [his] two screening orders. ECF No. 137 at 1. On July 23, 2020, plaintiff filed the second amended complaint. ECF No. 139. On August 4, 2020, defendants filed a motion to screen the second amended complaint. ECF No. 140. On September 14, 2020, I denied defendants' motion to screen and ordered the defendants to file a responsive pleading by October 5, 2020.  ECF No. 141 at 3.

### II.     Discussion

#### a.  Background of the Motion to Dismiss

On October 5, 2020, the defendants filed a motion to dismiss. October 5, 2020. ECF No. 142. The defendants argue in their motion to dismiss that plaintiff improperly asserted a conspiracy claim

despite Judge Gordon's holding that plaintiff may not assert new claims in the second amended complaint. ECF No. 142 at 2, citing to ECF No. 130 at 23. Defendants also argue that Peck's second amended complaint fails to allege a colorable denial of access to courts claim. *Id.* at 11. The defendants also argue that the retaliation claims fail because plaintiff failed to demonstrate that the defendants took adverse action against him because of exercising his First Amendment rights. *Id.* at 25. The defendants also argue that the plaintiff's deliberate indifferent claims fail because plaintiff failed to demonstrate defendants were indifferent to plaintiff's serious need for medical treatment. *Id.*

The plaintiff asked for seven extensions of time to respond to the defendant's motion: they were all granted. See ECF Nos. 144, 153, 160, 168, 173, 175, 182. Plaintiff argued in his motions that he did not want to respond to the motion to dismiss until the court addressed his motion for more meaningful law library access. In my most recent order, I warned the plaintiff that there would be no further extensions to respond to defendants' motion to dismiss. ECF No. 182 at 1. The plaintiff filed his opposition on September 9, 2021 (nearly a year after the defendants filed their motion). ECF No. 186. The plaintiff argues in his opposition that his conspiracy and retaliation claims are the crux of this case. ECF No. 186 at 2. He also argues that he has plausibly alleged facts to proceed with his case. *Id.* The defendants argue in their reply that Peck concedes that he disregarded Judge Gordon's order by adding "three defendants and four causes of action." ECF No. 187 at 2, citing to ECF No. 186 at 6.  The defendants argue that Peck has failed to plausibly allege any claims against them. *Id.*

### b.  Legal Standard for the Motion to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. A complaint should be dismissed under Rule 12(b)(6) "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).  "While all

allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Ove v. Gwinn*, 264 F.3d 817, 821 (9th Cir. 2001).

Dismissal as a matter of law is warranted under Rule 12(b)(6) when the facts taken in the light most favorable to the plaintiff do not establish a "cognizable legal theory." *North Star Int'l v. Arizona Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983); *Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 534 (9th Cir. 1984). "[A] district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). Except a court may consider "material which is properly submitted as part of the complaint" and if a documents' "authenticity ... is not contested" and "the plaintiff's complaint necessarily relies" on them. *Id.* (citing *Parrino v. FHP, Inc*., 146 F.3d 699, 705–06 (9th Cir.1998)). Per Fed. R. Evid. 201, a court may take judicial notice of "matters of public record." *Id.* (quoting *Mack v. South Bay Beer Distrib*., 798 F.2d 1279, 1282 (9th Cir.1986)).

"The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c)(1). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982) (internal citations omitted). The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirements, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, (2007)). "[A] pro se complaint, however inartfully

4

pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The doctrine of qualified immunity shields government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). In ruling on a qualified immunity defense, the court considers whether the evidence, viewed in the light most favorable to the plaintiff, shows the defendant's conduct violated a constitutional right. *Sorrels v. McKee*, 290 F.3d 965, 969 (9th Cir. 2002). The court then determines whether the right was clearly established. *Id.* The court may perform this two-step inquiry in any order. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). "A government official's conduct violates clearly established law when, at the time of the challenged conduct, [t]he contours of [a] right [are] sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011) (quotation omitted). The plaintiff need not identify a case "directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate." *Id.* The court makes this second inquiry "in light of the specific context of the case, not as a broad general proposition." *Saucier v. Katz*, 533 U.S. 194, 201 (2001). "If a genuine issue of material fact prevents a determination of qualified immunity at summary judgment, the case must proceed to trial." *Serrano v. Francis*, 345 F.3d 1071, 1077 (9th Cir. 2003).

Per Rule 56(a), summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A dispute as to a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party for summary judgment has the initial burden of showing the absence of a genuine issue of material fact.

*Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). To carry this burden, the moving party need not introduce any affirmative evidence (such as affidavits or deposition excerpts) but may simply point out the absence of evidence to support the nonmoving party's case. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 532 (9th Cir. 2000). Once the movant's burden is met by presenting evidence which, if uncontroverted, would entitle the movant to a directed verdict at trial, the burden then shifts to the respondent to set forth specific facts demonstrating that there is a genuine issue for trial. *Anderson*, 477 U.S. at 250. If the factual context makes the respondent's claim implausible, that party must come forward with more persuasive evidence than would otherwise be necessary to show that there is a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-324 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

### c.  Recommendation to Dismiss

#### i.  Conspiracy

Counts I(c)1, I(d), II(b), and IX(b) each pertain to conspiracy.[1] Plaintiff's conspiracy claims violate Judge Gordon's orders. Judge Gordon granted plaintiff leave to file an amended complaint to cure the deficiencies in the claims that were dismissed without prejudice only. This order warned that he "may not" use the opportunity to amend his pleading "to bring new claims or merely repeat the

---

[1] Count I(c) states that, "Jacques, Graham, Jennifer Nash, conspired and refused copying of legal documents causing harm… [and] [t]he acts above were part & parcel to an 'overall conspiracy' to chill litigation.'" ECF No. 139 at 9 (emphasis original). Count I(d) stated, "Defendants Nash, Perry, Russell, Ternes and Graham after being duly notice via certified mailed (Ex-6) "continue to (meeting of the minds) conspire to defeat exhaustion…." *Id.* at 11. Count II(b) stated "'[t]he Judges visit was big news here at HDSP' and is/was the cause of the concerted effort/conspiracy to retaliate against Mr. Peck." *Id.* at 12 (emphasis original). Count IX(b) alleged that Peck was subjected to retaliation in "Dec 2016" and was "targeted at the same time as 'the Dec 2016 (Dir. Dzurenda) conspiracy was initiated' and that "[a]ll defts in the caption realleged here as co-conspirators meeting of the minds common AR-516 and AR-740 as amended DEC 2016 are part & parcel to the 'overall conspiracy to chill litigation.'" *Id.* at 16-17 (emphasis original).

allegations already presented. ECF No. 130 at 22. Judge Gordon's subsequent order regarding reconsideration of the conspiracy claim stated that plaintiff had never adequately plead a conspiracy claim. ECF No. 137. Peck violated these orders by attempting to bring new conspiracy claims in the second amended complaint. I recommend that counts I(c)1, I(d), II(b), and IX(b) be dismissed with prejudice.

### ii.  Denial of Access to the Courts

Inmates have a constitutional right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996). This right "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). This right, however, "guarantees no particular methodology but rather the conferral of a capability— the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." *Lewis*, 518 U.S. at 356. It is this "capability, rather than the capability of turning pages in a law library, that is the touchstone" of the right of access to the courts. *Id.* at 356-57.

To bring a claim, an inmate must establish that he or she has suffered an actual injury, a jurisdictional requirement that flows from the standing doctrine and may not be waived. *Id.* at 349. "[T]he injury requirement is not satisfied by just any type of frustrated legal claim." *Id.* at 354. An actual injury is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Id.* at 348. Delays in providing legal materials or assistance that result in actual injury are "not of constitutional significance" if "they are the product of prison regulations reasonably related to legitimate penological interests." *Id.* at 362. The right of access to the courts is limited to non-frivolous direct criminal appeals, habeas corpus proceedings, and actions under 42 U.S.C. § 1983. *Id.* at 353 n.3, 354-55.

7

Judge Gordon dismissed Count I(c) (refusal to copy evidence), Count I(d)(fraudulently attempting to defeat Plaintiff's attempts at exhaustion), and Count I(e)(reduction in law library time), Count III (refusal to allow research in Case No. CV-13- 00580), Count VI (denial of adequate scientific research regarding CR-06-2580), and IX(b) (rejection of grievances) because Peck did not plead facts to demonstrate he suffered an actual injury. ECF No. 130 at 8-9.

### A. Counts I(c) (Refusing to Copy Evidence), I-(d) (Fraudulent Attempts to Defeat Exhaustion), and I(e) – Reduction in Law Library Time

Regarding Count I(c) (Refusing to Copy Evidence), Peck alleges that "Nash withheld grievances and spoon fed others in A-16-743859 in bad faith conspiracy with Attorney Gen (sic) Laxalt to conceal evidence resulting in dismissal[.]" ECF No. 139 at 9; ECF No. 139-1 at 90. The complaint at issue appears to be a civil case in state court against Judge Jerry Wiese regarding judicial actions he took pertaining to a settlement conference and dismissal of the case. ECF No. 139-1 at 90-92. The case against Judge Wiese is not a direct criminal appeal, habeas petition, or a matter brought under Section 1983. *Lewis*, 518 U.S. at 353 n.3, 354-55. Peck also does not allege facts to demonstrate that his underlying claims against Judge Wiese regarding actions he took as a judge were non-frivolous.[2] *Id.* This matter does not fall within the scope of litigation that is protected by the First Amendment. Peck

---

[2] I am relying on what Peck alleged in his second amended complaint. Peck alleges that Judge Wiese conducted an "'informal settlement conference' [] 'not in good faith' and simply just a trick and disingenuous to dispose of Mr. Peck's case." Referring to *Peck v. Judge Weise*, 16-74385-C, Eighth Judicial District Court, Clark County, Nevada. Peck has not shown that the underlying litigation is non-frivolous. If his allegations about Judge Wiese's actions were taken by him in his quasi-judicial or judicial capacity, that would make him absolutely immune from suit. The United States Supreme Court has repeatedly held that judges and those performing quasi-judicial functions are absolutely immune from damages for acts performed within their judicial capacities. *Stump v. Sparkman*, 435 U.S. 349, 360 (1978); *Nixon v. Fitzgerald*, 457 U.S. 731, 766 (1982).

8

also does not establish how the defendant's alleged conduct (withholding grievances) resulted in dismissal of the case or how he could have prevailed if he had access to the grievances. Peck has not asserted facts to demonstrate an actual injury against the defendants for refusing to copy evidence.

Regarding Count I-(d) (Fraudulent Attempts to Defeat Exhaustion), Peck alleges that "Defendants Nash, Perry, Russell, Ternes and Graham…continue to (meeting of the minds) conspire to defeat exhaustion by encessant (sic) DOC-3098 grievance rejections' for erroneous, fake reasons." ECF No. 139 at 11. Plaintiff has not demonstrated an actual injury. For example, he has not alleged that the defendants prevented him from pursuing, or that he was unable to prepare for, a direct criminal appeal, habeas petition, or a Section 1983 lawsuit because of grievance rejections. He has also not alleged facts demonstrating that the defendants (1) did not act for legitimate penological reasons, or (2) rejected his grievances for an improper reason.

Regarding Count I(e)(Reduction in Law Library Time), Peck alleges "Mr. Grahams' retaliatory reduction in law library will be proven by discovery of law library call out lists and sign in and sign outs logs (see Litigations (Ex14) chilled). The only way Mr. Peck can prove Mr. Grahams' actions were not for legitimate reasons." *Id.* at 12. Peck has, again, not alleged any facts to show that he suffered an actual injury in a direct criminal appeal, habeas corpus, or Section 1983 lawsuit. Plaintiff has not alleged any facts that would demonstrate that any reduction of law library time was not supported by a legitimate penological justification. ECF No. 139 at 12. I recommend that Counts I(c) (Refusing to Copy Evidence), I-(d) (Fraudulent Attempts to Defeat Exhaustion), and I(e) – Reduction in Law Library Time all be dismissed with prejudice.

The defendants argue that even if Peck could plausibly allege a claim, they are entitled to qualified immunity on the access to the courts claims. Plaintiff has not "clearly established" that he had a constitutional right to litigate matters aside from criminal appeals, habeas corpus petitions, and Section

1983 matters. *Lewis*, 518 U.S. at 353 n.3, 354-55. I find that these claims do not relate to litigation that is within the scope of a denial of access of courts claims. ECF No. 139 at 9-15. A reasonable officer in the defendants' position would not be on adequate notice that their conduct could violate plaintiff's constitutional rights. *Ashcroft*, 563 U.S. 731, 131 S.Ct. at 2083. I find that based on this record, the defendants are entitled to qualified immunity on Peck's denial of access to the court's claims.

### B.   Counts III (Refusal of Legal Research Regarding Case No. CV-13-00580) and VI (Denial of Scientific Research Regarding CR-06-2580)

Regarding Court III, Peck alleges that "Sandoval, Cegavski, Laxalt, Dzurenda, Williams, Nash, Graham failed to provide adequate research material when it comes to DNA Technology in forensic science application to criminal law. Peck v. Washoe Co. Crimelab CV-13-0058." ECF No. 139 at 13. Plaintiff cannot prevail on this claim because this case was a civil tort action brought pursuant to state law. I take judicial notice of the complaint in Peck's tort case (See ECF No. 142-1) because it is s a self-authenticating public record. See *Reyn's Pasta Bella, LLC v. Visa USA, Inc*., 442 F.3d 741, 746 n. 6 (9th Cir. 2006) (noting a court may take judicial notice of court filings in underlying or related litigation). Peck's civil "Tort Action pursuant to NRS 41.0322" against multiple defendants alleged that "the Defendant's (sic) protocols, practices customs and polices are engaged in fraudulent misrepresentations in their 'manufacture of evidence' misrepresented as 'human DNA.'" Plaintiff does not have a constitutional right to bring this matter. *Lewis*, 518 U.S. at 353 n.3, 354-55. This claim fails as a matter of law. Plaintiff also does not allege that he missed a filing deadline, that the case was dismissed, or that he was otherwise unable to pursue a non-frivolous claim because he was not provided with case law (and he also fails to describe what case law he was looking for or how it would have helped him with his claim). I recommend that Count III be dismissed.

Regarding Count VI, Peck alleges that the defendants "failed to provide adequate research material when it comes to DNA Technology in Forensic Science application to Criminal law," and that he "was prevented from raising as Affirmative Defense (sic) a) (sic) Jury Trial in case No CR06-2580 a trial (sic) or Dis (sic) appeal as forensic science reports 1992 NRC-1 Report 1996, 2006, 2016 are not part of the High Desert State Prison (HDSP) Law Library." ECF No. 139 at 13. Plaintiff also alleges that "if the materials now known and obtained from outside sources would have been available before trial; CR-06-2580 would have been dismissed or a NG [not guilty] would have returned, and 'Mr. Peck would not have received a 950 FIVE year dump from the Parole Board." ECF No. 139 at 13. (emphasis in original). These allegations fail to state a denial of access of the courts claim. CR-06-2580 was a criminal matter in which Peck was a criminal defendant. See ECF No. 142-1 at 16. ("In May of 2009 Robert Bruce Lindsay was appointed to represent Plaintiff in criminal case No. CR-06-2580."). The underlying case is not a direct criminal appeal. Even accepting his allegations as true, plaintiff has not shown that he was denied access to the courts with respect to a direct criminal appeal, habeas corpus proceeding, or a Section 1983 case. *Lewis*, 518 U.S. at 353 n.3, 354-55. I recommend that Count VI be dismissed.

### C.  Count IX(b) (Rejection of Grievances)

Regarding the defendant's alleged rejection of his grievances, plaintiff alleges that there is an overall conspiracy to chill his litigation. ECF No. 139 at 17. Plaintiff states that the litigation that has been chilled is listed at Exhibit 14. *Id.* at 16. Exhibit 14 is a list of multiple lawsuits he either filed or states he wanted to file. ECF No. 139-1 at 97-99. The cases he filed are self-authenticating public records and I consider them here.

1. *Peck v. Washoe Co. Crimelab*, CV-13-00580, is a civil case in state court against the crime lab: it does not fall within the scope of a denial of access to the court claim. *Lewis*, 518 U.S.

at 353 n.3, 354-55.

2. *Peck v. State Ex rel NDOC et al*, Case No. A16743859-C: Plaintiff alleges he was denied the ability to copy evidence which resulted in "dismissal of Ct-3 in that case." ECF No. 139-1 at 98. Plaintiff did not reveal, however, that the order granting dismissal was reversed because the state court later considered grievances outside the amended pleading. I find that the plaintiff did not suffer an actual injury because of defendants allegedly refusing to copy his grievances.

3. *Peck v. Dorsey et al*, Case No. 2:19-CV01023-SAB: Plaintiff alleges that in his case against Judge Jennifer Dorsey, that he was "unable to fully research immunity to law to learn that declaratory relief was available against a judge." ECF. No. 139-1 at 98:12-16. Peck does not reveal, however, the state court dismissed his lawsuit against Judge Dorsey because he failed to demonstrate she was a "person" for purposes of a Section 1983 action; and (2) because she was "protected from suit by the doctrine of judicial immunity." *Peck v. Dorsey*, No. 1:19-CV-01023-SAB, 2019 WL 6499109, at 3 (D. Nev. Dec. 3, 2019). I find that plaintiff cannot demonstrate an actual injury from not being able to research "immunity law" at HDSP law library because any claims against Judge Dorsey for declaratory relief regarding actions she took as judge are frivolous and would have failed as a matter of law.

4. *Peck v. Gedney*, Case No 16 TRT 000661-B, Fir. Jud. Dist: This is a civil case plaintiff attempted to bring in state court on behalf of his deceased brother. See ECF No. 142-5. This case does not fall within the scope of a denial of access of courts claim. *Lewis*, 518 U.S. at 353 n.3, 354-55.

5. *State v. Peck*, CR-06-2580, Plaintiff asserts that he was denied the ability to obtain public documents relevant to "raising a jurisdiction challenge/issue." ECF No. 139-1 at 99. CR

062580 was a criminal matter in Nevada state court where Peck was the defendant. It does not fall within the scope of a denial of access of the courts claim. *Lewis*, 518 U.S. at 353 n.3, 354-55.

Regarding cases he says he wanted to file but says he could not, Peck alleges that he, "was prevented from even filing meritorious claims about Poisonings (sic) of the food by the General Population (sic) serving Protective Custody (sic) inmates due to Inmate Declarations (sic) having been confiscated and disposed of by law library supervisor Grahmn (sic)." Peck does not allege any facts to show that the was "poisoned" or that his grievances were disposed of; instead he alleges that this happened to inmates in general. Plaintiff does not have standing to bring the claims of other inmates. A prudential principle of standing is that normally a plaintiff must assert his own legal rights rather than those of third parties. See *Oregon v. Legal Services Corp.*, 552 F.3d 965, 971 (9th Cir. 2009); *Fleck and Associates, Inc. v. Phoenix*, 471 F.3d 1100, 1104 (9th Cir. 2006).

Peck also alleges that there is a law (SB-57) that specifically prevents inmates from accessing public records. ECF No. 139-1 at 99. Peck has not identified case law to show that inmates are entitled to access public records or that the lack of access would violate an inmate's right to access the courts. Peck does not allege an actual injury because he provides no information about whether he had an outstanding civil case regarding this law, or instead was hoping to pursue a civil case, and what the underlying claims are or would be. He has also not alleged any actions by the defendants that prevent(ed) him from doing so. I recommend that Count IX(b) be dismissed.

### iii. Retaliation

Inmates have a First Amendment right to file prison grievances and to pursue civil rights litigation in court. *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005). To state a First Amendment retaliation claim, Peck must show: "(1) [a]n assertion that a state actor took some adverse action against

13

[him] (2) because of (3) [his] protected conduct, and that such action (4) chilled [his] exercise of his

First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."

Id. at 567-68. To prevail, Peck must show that his protected conduct was the substantial or motivating

factor behind the defendants' conduct. *Brodheim v. Cry*, 584 F.3d 1262, 1271 (9th Cir. 2009). "Because

direct evidence of retaliatory intent rarely can be pleaded in a complaint, allegation of a chronology of

events from which retaliation can be inferred is sufficient to survive dismissal." *Watison v. Carter*, 668

F.3d 1108, 1114 (9th Cir. 2012).

### A. Count II(b)- Retaliation Based Upon False Disciplinary Charges

Peck alleges that, "Peck v. NDOC et al Case No. A-16-743859 [w]as protected conduct that

resulted in Retaliation in THIS CASE stemming from 'Judge Weises'(sic) visit to HDSP on Oct 11th

2017" and "[t]he Judges (sic) visit was big news here at HDSP' and is/was the cause of the concerted

effort/conspiracy to retaliate against Mr. Peck." ECF No. 12 (emphasis original). Plaintiff alleges he was

subjected to disciplinary charges reflected in "OIC 423470" "OIC 408880," "OIC 416942," "OIC

419330" and OIC 436405." ECF No. 139 at 12. (emphasis original). The defendants attached copies of

each of these charges to their motion to dismiss and I reviewed each of them. ECF No. 142-3. I may

consider these documents without transforming the defendant's motion into one pursuant to Rule 56

because the documents are referenced and incorporated into Peck's second amended complaint. See *Lee*,

250 F.3d at 688 (citing *Parrino v. FHP, Inc*., 146 F.3d 699, 705–06 (9th Cir.1998)).

Each of the charges were issued on March 27, 2017 (OIC 423470), December 27, 2016 (OIC

419330), November 8, 2016 (OIC 416942), and June 5, 2016 (OIC 408880). All of these charges were

issued prior to Judge Weise's alleged October 11, 2017, to HDSP.  Since these charges were issued prior

to the conduct plaintiff asserts caused the defendants to retaliate against him, he cannot prove the

material elements of a retaliation claim. The retaliation claims premised upon the disciplinary charges

14

fail as a matter of law.

Peck also does not allege facts to establish that the motivating factor for the December 7, 2017 (OIC 436405) charge was Judge Wiese's October 11, 2017, visit. Judge Wiese's visit also does not constitute an exercise of plaintiff's First Amendment rights. Plaintiff cannot prove the first material element. The charges were issued by Officer Quiroz: it states that plaintiff refused to move from his then current cell (unit 12C-5) to unit 10F1. ECF No. 143-3 at 8. Peck does not allege that Officer Quiroz was a defendant in the state court matter at the time he issued the charges to plaintiff. ECF No. 139 at 12. There are no allegations that Judge Wiese's visit somehow negatively impacted HDSP's operation, Officer Quiroz, or the defendants in the state court matter. *Id.* Plaintiff has not and cannot show that the alleged protected conduct (filing the state court matter or Judge Wiese's visit) was the motivating factor for the alleged retaliatory conduct (OIC436405). *Brodheim*, 584 F.3d at1271. This claim should be dismissed.

### B. Count VII(b) – Failure to Provide Medical Diet In Retaliation for Filing Grievances

Peck alleges that Wilson does not provide him with his approved medical diet even though he submitted grievances. ECF No. 139 at 15. Judge Gordon previously held these allegations alone were not sufficient to state a colorable claim. ECF NO. 130 at 11. Plaintiff alleges he informed Wilson "of his medical conditions in a meeting with Wilson in Unit-12 on 7-11-18" and that "Mr. Wilsons (sic) action of writing false disciplinaries was meant to deter Mr. Peck." *Id.* (emphasis in original).

None of Peck's allegations in the second amendment complaint establish Wilson refused to provide the medical diet in retaliation for plaintiff engaging in protected activity. Peck's allegations do not demonstrate that plaintiff engaged in any protected conduct. He does not plausibly allege that the conduct was the motivating factor for the purported denial of a medical diet or the allegedly false

disciplinary charges. Peck also does not allege that Wilson refused to provide him with the medical diet after the alleged meeting between the two on July 11, 2018. Plaintiff has not satisfied the material elements of his claim.

Peck also does not demonstrate that his "rights were chilled as a result or that an inmate of ordinary firmness would have had his rights chilled." *Fernandez v. Baca*, No. 316CV00350RCJWGC, 2018 WL 893916, at 3 (D. Nev. Feb. 14, 2018) (citing *Mendocino Envtl. Ctr. V. Mendocino Cnty.*, 192 F.3d 1283, 1300 (9th Cir. 1999)). Plaintiff asserts only that he was subjected to false disciplinary charges. ECF No. 139 at 15. Plaintiff does not allege that he engaged in protected conduct which resulted in the disciplinary charges. Peck cannot demonstrate that his rights were chilled. This claim fails as a matter of law.

### iv.  Deliberately Indifference to Plaintiff's Medical Needs

Prison officials violate the Eighth Amendment if they are "deliberate[ly] indifferen[t] to serious medical needs of" an inmate. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To prevail on a deliberate indifference claim, a plaintiff must show that the "official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "[A] factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious," but the test remains a subjective one. *Id.* at 842. "Prison officials are deliberately indifferent to a prisoner's serious medical needs when they deny, delay, or intentionally interfere with medical treatment." *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (internal quotation and citation omitted).

### A.  Count VII(a) – Failure to Provide Medical Diet

Peck alleges that Wilson fed him "bologna for 10 years causing Mr. Peck's high blood pressure

16

and other medical conditions." ECF No. 139 at 15. Peck alleges, "Mr. Wilson notwithstanding the approved menu refused for years to provide roast beef, turkey, chicken and other dietary items replacing them with greasy regular nondietary bologna essentially, causing Mr. Peck physical harm to his health." *Id.* Peck also alleges that he, "specifically told Mr. Wilson of his medical conditions in a meeting with Wilson in Unit-12 on <u>7-11-18</u>." *Id.* (emphasis original).

Peck alleges that Wilson caused his health problems by serving him bologna instead of chicken, roast beef, or turkey. Plaintiff does not allege that Wilson knew of his high lipid levels and was deliberately indifferent to that risk when he denied Peck his diet. Plaintiff alleges he complained about the diet to Wilson in the 2018 meeting, but he does not allege that he informed Wilson that he had been prescribed a medical diet by a NDOC provider to treat a serious medical condition. Plaintiff has not plausibly alleged that he can prove he had a serious medical condition that required a diet that was (1) free of bologna and (2) rich in roast beef, turkey, or chicken. Plaintiff's allegations do not establish Wilson was objectively or subjectively indifferent to plaintiff's medical needs by failing to provide him with the appropriate medical diet. Plaintiff's claims fails and it should be dismissed.

### B.  Count X(a) – Failure to Respond to Emergency Call Against Moka

Peck has not plausibly alleged that the defendants acted with deliberate indifference regarding the emergency call buttons. Plaintiff alleges that Moka generally does not respond to protective custody inmates' requests (via the emergency call button) for medical assistance because Moka allegedly "does not have time to answer." ECF No. 19. Plaintiff alleges he suffers from a seizure disorder, but he does not allege that he experienced a seizure that required medical attention while Moka was on duty. ECF No. 139 at 19. Plaintiff's bare allegations that Moka generally does not have time to respond to inmate's requests via the emergency call button is (1) not a specific allegation and (2) does not show that Peck ever suffered any injury.

Plaintiff also does not allege that Moka knew he ever required immediate medical attention and failed to respond to it. There are also no allegations that Moka refused to respond to an instance in which Peck used the call button to request medical attention. Peck does not even allege that he ever requested emergency medical help via emergency call button or otherwise. Peck's allegations do not satisfy the first or second elements of the claim. I recommend that this claim be dismissed.

### d. Peck's Motions

#### i. Motion for More Meaningful Library Access (ECF No. 176)

Peck argues in his motion for more meaningful library access that although he has access to the law library, he does not have enough access to the law library. ECF No. 176. Plaintiff alleges that although the prison staff routinely collect law library requests, we wishes to physically go to the law library rather than make requests for materials. ECF No. 176 at 2. I construe plaintiff's motion liberally as a motion for a restraining order and preliminary injunction. Defendants argue that plaintiff's admission that he can routinely make requests for law library materials demonstrates that he has meaningful access to the law library. ECF No. 177 at 6.

Peck argues in his reply that the defendants have used the pandemic as an excuse to close the library. ECF No. 179 at 4.  He argues that he can only request law library materials about once per week from a runner (and when he tells staff that he has court filings to file). *Id.* at 3. He also argues that the closure of the library due to the pandemic is part of an overall conspiracy. *Id.* at 9. Regarding the alleged conspiracy, Peck attached an article to his motion, labeled as Exhibit 1, that he alleges he wrote based on 10 years of research. *Id.* at 11. The article[3] is called, "Legal Tricks to Beat Corrupt Authorities." *Id.* at

---

[3] The article appears to be a "sales sheet" that purports to sell additional articles to "beat corrupt authorities." It is unclear if Peck wrote the sales sheet, wrote one or more of the articles the sales sheet purports to sell, or if Peck is making money by selling these articles while in prison.

13. Exhibit 1 purports to teach people, "How to Outwit a Judge in Court – and Charge them a Fee Every Time they Order You." *Id.* Exhibit 1 also states that, "This is the governmental guide advising judges how to handle people such as sovereigns, anti-Government protestors and common law folks who actually know their rights…. This is an absolutely crucial book for anyone appearing in court!" The article Peck allegedly wrote and attached to his reply also states, "Would you like to see corrupt judges fleeing the courtroom…Welcome to the most repugnant fraud ever perpetrated on the people of the U.S. …. maritime jurisdiction, which replaces the older, more favorable common law with harsher law [.]" *Id.* Exhibit 1 also states that, "The COVID scamdemic….is a massive fraud perpetrated by the Justice system!" *Id.*

To qualify for a preliminary injunction, a plaintiff must demonstrate: (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm, (3) the balance of hardships favors the plaintiff, and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Alternatively, under the sliding scale approach, the plaintiff must demonstrate (1) serious questions on the merits, (2) a likelihood of irreparable harm, (3) the balance of hardships tips sharply in the plaintiff's favor, and (4) an injunction is in the public interest. *Alliance for the Wild Rockies v. Cottrell,* 632 F.3d 1127, 1135 (9th Cir. 2011). In the context of a civil action challenging prison conditions, injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). The court must give "substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and…respect the principles of comity set out" in § 3626(a)(1)(B). *Id.* A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quotation and emphasis

omitted).

Peck's own allegations show that despite the extraordinary challenges to prison operations created by COVID-19, he has in fact received access to the law library through a runner and prison staff since March 2020 to prepare filings in this case. He also admits that he has access to a runner about once a week. He also admits that prison staff have worked with him to obtain law library materials when he informs them that he has filings due. Plaintiff also obtained extensions for nearly a year to respond to the motion to dismiss, despite having access to law library materials through a runner at least once a week. Peck does not specifically provide allegations to show when or what requests he has filed with the law library. Nor does he state that any specific request has gone unanswered. Peck's allegations, to the contrary, show that he regularly receives legal materials and research. He has not alleged that he suffered any actual injury from delays and limits placed on his law library access. See *Lewis*, 518 U.S. at 348-49 (defining actual injury as actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim).  Peck has not shown an actual injury. Peck has not shown he is likely to suffer irreparable harm in the absence of injunctive relief. I recommend that plaintiff's motion for more meaningful law library access be denied.

I also find that the article Peck attached to his reply that he marked as Exhibit 1 shows that plaintiff filed this motion, and is pursuing this litigation, in bad faith. His allegations in Exhibit 1 are associated with the sovereign citizen movement. "While many various sub-groups and ideologies may fall under the Sovereign Citizen umbrella, the overarching unifying principle is the belief that 'even though they physically reside in this country, they are separate or 'sovereign' from the United States.'" *Hale v. Rettig*, No. 2:21-cv-01904-GMN-VCF, 2021 U.S. Dist. LEXIS 218939, at 3 (D. Nev. Nov. 12, 2021), citing to *United States v. Silver*, No. 3:15-cr-00048-RRB, 2021 U.S. Dist. LEXIS 1670, at 6 (D. Alaska Jan. 5, 2021) (citation omitted). Plaintiff's allegations regarding the "scamdemic" appear to

allege that the COVID-19 pandemic is not real, which I find to be frivolous and delusional. I am also concerned that plaintiff may have a financial incentive in bringing his motion for access to the law library, as it appears that he may be writing articles for financial profit that purport to teach people how to punish "corrupt judges." I find that plaintiff filed this motion as a delay tactic, as evidenced by his numerous requests for extensions of time despite his admission that he had access to the law library through runners. I also find that plaintiff has acted in bad faith by filing his motion for more meaningful library access because he relies on the delusional allegations contained in his Exhibit 1 for bringing this motion.

### ii.   Motion Request for Submission of Unopposed Motion (ECF No. 178)

Peck argues in his motion for submission of unopposed motion that the defendant's did not timely respond to his motion for more meaningful law library access. ECF No. 178. Peck appears to have withdrawn his request for submission of unopposed motion. See ECF No. 179 (stating that he received the July 8th opposition after he filed his request for submission of unopposed motion). The defendants timely filed an opposition to the motion for law library access and the plaintiff also filed a reply to that opposition. I deny this motion as moot. ECF No. 178.

### e.   Recommendation to Deem Peck a Vexatious Litigant

I recommend, sua sponte, that plaintiff be deemed a vexatious litigant. As part of my vexatious litigant analysis, I recommend that plaintiff's case be dismissed with prejudice. A district court has the "inherent power to enter pre-filing orders against vexatious litigants." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) (citing 28 U.S.C. § 165l(a)). Because a pre-filing order implicates a litigant's right of access to the courts, the court should enter such an extreme remedy "only after a cautious review of the pertinent circumstances." *Id.* Prior to entering a pre-filing order, the court must give the litigant notice and an opportunity to be heard. *Id.* (citing *De Long v. Hennessey*, 912 F.2d

1144, 1147 (9th Cir. 1990)).

The court must set forth an adequate record for review and make "substantive findings about the frivolous or harassing nature of the plaintiff's litigation." *Id*. "An adequate record for review should include a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed.'" *Id*. at 1059 (quoting *De Long*, 912 F.2d at 1147). "Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *De Long*, 912 F.2d at 1148. To determine whether the litigant's conduct is frivolous or harassing, the court evaluates "both the number and content of the filings as indicia of the frivolousness of the litigant's claims." *Id*. (quotation omitted).

A pre-filing order "must be narrowly tailored to closely fit the specific vice encountered." *Id*. (quotation omitted). Whether to enter a pre-filing order against a vexatious litigant lies within the court's discretion. *Id*. at 1056. The court should examine five factors: (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing, or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties. *Williams v. Nat'l Default Servicing Corp*., No. 2:16-cv-1860-GMN-NJK, 2017 U.S. Dist. LEXIS 4111, at 12-14 (D. Nev. Jan. 10, 2017), citing to *Molski v. Mandarin Touch Rest*., 347 F.Supp.2d 860, 863-64 (C.D. Cal. 2004).

Peck has pursued numerous cases pro se in this Court. This Court has dismissed most of these cases for failure to state a claim. At least one of the dismissals is for filing a duplicative action. This

Court has also restricted his filings in at least one case.

1.  *Peck v. Dorsey et al.*, 2:19-cv-01023-SAB, See ECF No. 41 at 13 (Order dismissing plaintiff's case against Judge Jennifer Dorsey (and other judges) as frivolous. The Court also warned plaintiff that this order may qualify as a strike[4] against him.)

2.  *Peck v. Washoe County et al*, 3:09-cv-00381-LRH-VPC, ECF No. 119 (Order adopting report and recommendation to grant defendant's motion for summary judgment. Peck filed this case pro se.)

3.  *Peck v. Haley et al.*, 3:11-cv-00018-LRH-VPC, ECF No. 10 (Order dismissing Peck's case with prejudice for failure to state a claim.)

4.  *Peck, et al., v. Bryan et al.*, 3:77-cv-00221-ECR-RAM, ECF No. 821 (Order striking Peck's 2006 pro se motion in a case that had been closed since 1995.)

5.  *Peck v. Second Judicial District Court et al.*, 3:09-cv-00382-LRH-VPC, ECF Nos. 4 and 5 (Order denying Peck's pro se motion to proceed in forma pauperis.)

---

[4] Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed as frivolous or for failure to state a claim will be precluded from bringing any other civil action or appeal in forma pauperis "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). I decline to decide whether Peck's previous lawsuits qualify as strikes, because such an analysis is not necessary to resolve this case or make a finding that he be deeded a vexatious litigant pursuant to the inherent power of the court. See *Staich v. Valenzuela*, No. SACV 15-2079-DDP (GJS), 2018 U.S. Dist. LEXIS 189219, at 12 (C.D. Cal. Nov. 5, 2018)(Declaring incarcerated pro se litigant a vexatious litigant and declining to apply the 28 USC §1915(g) three strikes analysis.) If Peck files another case in federal court along with a motion to proceed in forma pauperis, then the court may at that time deny the motion if it determines that Peck has previously accrued three strikes pursuant to Section 1915(g). See *Belanus v. Clark*, 796 F.3d 1021, 1031-32 (9th Cir. 2015) (J. Fernandez concurring and dissenting in part) ("It is tempting to issue an advisory opinion on the strike question for future courts that might have to struggle with deciding whether a previous piece of litigation did result in a strike, but I think that the temptation should have been resisted by the district court and should be resisted by us.")

6. *Peck v. State of Nevada et al.*, 2:12-cv-00898-JCM-NJK, ECF No. 44 (Order adopting report and recommendation to grant the defendant's motion to enforce settlement and deny Peck's objection to the mediated settlement).

7. *Peck v. Cox et al.,* 2:12-cv-01495-JAD-PAL, ECF No. 113 (Order granting the defendants' motion for summary judgment in part, entering judgment in favor of the defendants on all remaining claims, and denying Peck's request for injunctive relief.)

8. *Peck v. Nevin et al.*, 2:13-cv-00782-GMN-CWH, ECF No. 31 (Order granting the defendants' motion to dismiss for failure to state a claim.)

9. *Peck v. Williams*, 2:17-cv-01620-JAD-VCF, See ECF No. 50 (Order deeming Peck a restricted filer in this case only due to filing multiple motions per month. This case is pending.)

10. *Peck v. Minev et al.*, 2:21-cv-01865-APG-EJY, ECF No. 12 (This is a pending case. Judge Gordon dismissed Peck's case via a screening order. Peck has until January 28, 2022 to file an amended complaint that complies with the screening order).

11. *Peck v. Warden Neven*, 2:05-cv-01158-RLH-PAL, ECF No. 75 (Order denying plaintiff's pro se petition for a writ of habeas corpus on the merits.)

12. *Peck v. Warden Neven*, 2:05-cv-01186-KJD-RJJ, ECF No. 4 (Order dismissing plaintiff's duplicative case.)

Peck has also filed numerous cases in Nevada state courts but compiling and analyzing a complete list of his known cases here would be impractical. "No one, rich or poor, is entitled to abuse the judicial process." *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989). Peck has a history of filing

pro se vexatious and duplicative lawsuits. Filing duplicative lawsuits, and frivolous lawsuits against judges, is a hallmark of a vexatious litigant. Peck does not have a good faith motive in pursuing frivolous litigation. For example, his conduct in the instant matter, by (1) realleging his conspiracy claim after it had been dismissed with prejudice; (2) not following this Court's Orders by attempting to add claims and defendants; and (3) relying on frivolous and delusional arguments regarding the sovereign citizen movement to further his motion for a preliminary injunction (See ECF No. 179 at 13), shows that he is (a) not prosecuting this case in good faith and (b) he has caused needless expense to the defendants. Peck has abused the judicial process by filing numerous lawsuits that he knows will be dismissed. Plaintiff's actions, filing multiple frivolous lawsuits and refusing to engage in good faith in the instant case, have posed an unnecessary burden on this Court and are a vexatious abuse of the judicial process. Plaintiff is likely to continue his abuse of the judicial process.

I recommend that Peck be deemed a vexatious litigant. I recommend that, unless his proposed complaint alleges he is under imminent danger of serious physical injury[5], that Peck be required to seek leave prior to filing new lawsuits. This restriction is narrowly tailored because he will still have access to this Court if he is under imminent danger or by otherwise requesting leave for all other cases. In addition to my recommendation to grant the defendant's motion to dismiss, I also recommend that this case be dismissed with prejudice. Plaintiff has wasted enough judicial resources by repeatedly filing cases that fail to state a claim. Although I am raising this issue sua sponte, Peck will have notice and a chance to be heard through the objection process. Peck has demonstrated that he understands the objection process in this Court as he has filed objections in this case.

---

[5] Although I am not making this recommendation pursuant to Section 1915(g) of the PLRA (which contains an exception to the three strikes rule for individuals who allege they are under imminent danger to serious physical injury), I recognize that as an incarcerated individual, Peck's liberties must be safeguarded.

ACCORDINGLY,

I RECOMMEND that the defendants' motion to dismiss pro se plaintiff Frank M. Peck's second amended complaint (ECF No. 142) be GRANTED and that second amended complaint be DISMISSED WITH PREJUDICE.

I FURTHER RECOMMEND that plaintiff Peck's motion for meaningful law library access (ECF Nos. 176) be DENIED.

I FURTHER RECOMMEND that Frank Peck be deemed a VEXATIOUS LITIGANT.

I FURTHER RECOMMEND that, unless his proposed complaint alleges he is under imminent danger of serious physical injury, that Frank Peck be required to seek LEAVE of Court before filing any additional actions in the District of Nevada.

I FURTHER ORDER that plaintiff's motion to submit a motion (ECF No. 178) BE DENIED AS MOOT.

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the Court of any change of address. The notification must include proof of service upon

each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel.

**Failure to comply with this rule may result in dismissal of the action.**

       IT IS SO RECOMMENDED AND ORDERED.

       DATED this 18th day of January 2022.

                                        _____

                                        CAM FERENBACH
                                        UNITED STATES MAGISTRATE JUDGE